IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| WINFRED RAY RANDALL | § | |
| v. | § | CIVIL ACTION NO. 2:07cv204 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Winfred Ray Randall, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Randall was convicted of robbery in the 71st Judicial District Court of Harrison County, Texas, on May 4, 1990, receiving a sentence of 25 years in prison. He did not take a direct appeal, but sought state habeas corpus relief on September 19, 2006. This petition was denied without written order by the Texas Court of Criminal Appeals on October 26, 2006. He signed his federal habeas corpus petition on May 14, 2007.

Randall says that he entered into a plea agreement based on "misrepresentations" by his defense attorney, to the effect that a 20-year sentence without enhancements had been agreed upon. He says that he would not have pleaded guilty but for the misinformation which he received. Randall also says that his guilty plea was involuntary because counsel misrepresented to him that the state had made a concession, which in fact was not part of the plea agreement. He indicated that the trial court did not admonish him of the punishment given and upon which the plea agreement was based, and that he did not know that the admonishment given was actually for the enhancement

1

paragraph, to which he concedes that he pleaded true. Randall contends that the 25-year sentence which he received exceeds the maximum sentence under law; he also says that the sentence was "grossly disproportionate to the offense."

In his brief, Randall says that he pleaded guilty to robbery and true to the enhancement paragraph because of the misrepresentations of his attorney, Ronald Dennis, who told him that an agreement had been reached to eliminate the enhancement paragraphs and have the punishment assessed at 20 years. He says that the trial court did not admonish him of the possible minimum and maximum sentences and so he did not understand the consequences of his plea. Randall claims that he was not told that if the Court rejected the plea agreement, he could withdraw his plea, and that he did not know that a plea of true to the enhancement paragraphs would cause his sentence to exceed the terms which had been agreed upon. Finally, Randall says that the sentence was excessive because he pleaded guilty to a second-degree felony, which carries a maximum punishment of 20 years, and so the assessment of a 25-year sentence was improper.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed because of the expiration of the statute of limitations. The Magistrate Judge observed that Randall was convicted in 1990 and did not take a direct appeal, and so his conviction became final on June 3, 1990. The statute of limitations was enacted on April 24, 1996, and so the period began to run at that time for all convictions which became final prior to that date; accordingly, Randall's limitations period expired on April 24, 1997. Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). He did not file his state habeas corpus until nine years later, after the limitations period had long expired, and a state petition filed after the period has expired cannot revive any portion of this period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999). Finally, the Magistrate Judge concluded that Randall had not shown any basis upon which to equitably toll the statute of limitations.

Randall filed objections to the Report of the Magistrate Judge. In his objections, Randall acknowledges that the district court can raise the issue of limitations *sua sponte*, but says

that his judgment of conviction is void. He argues that a void judgment is of no legal effect and so there can be no limitations on a challenge to such a judgment. Randall contends that the invalidity of a void judgment can be challenged by any person whose rights are affected, at any time.

Consequently, Randall says, the Magistrate Judge's recommendation that his petition be dismissed is "an unreasonable application of federal law as defined by the U.S. Supreme Court." He argues that the "factual development necessary for a just determination of the merits" is lacking, and so an evidentiary hearing is necessary. Randall specifies that his sentence is void because he was convicted of a second-degree felony with no enhancements or affirmative finding, and the range of punishment for this offense is two to 20 years; thus, he says, a 25-year sentence, which exceeds this range, is void.

Randall's objections are without merit. He says that his sentence was "void" because he received a 25-year sentence for a second-degree felony, without enhancements. However, in his memorandum of law and brief, Randall states as follows (emphasis added):

> Petitioner was charged by indictment in the 71st Judicial District Court of Harrison County, Texas for robbery 29.02, a felony offense of the second degree pursuant to Vernons Texas Code Annotated Penal Code. **The indictment also alleged that the petitioner had previously been convicted to two prior felonies.**
>
> On May 4, 1990, petitioner pled guilty to the primary charge of robbery, Texas Penal Code 29.02, **and true to the enhancement paragraphs** at the misrepresentation to him from his court appointed defense counsel, Ronald Dennis, that an agreement had been secured to eliminate the attached enhancement paragraphs and to have punishment assessed at 20 years confinement, the maximum punishment allowable for a second degree felony under the Texas Penal Code.

At that time, Texas law provided that "if it be shown on the trial of any second-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a first-degree felony." Tex. Penal Code art. 12.42 (Vernon 1985). Randall's pleadings show that he was charged with having committed two prior felony offenses, to which charge he pleaded "true." He has failed to show that his 25-year sentence exceeded the maximum permitted by law, nor do Randall's other allegations render his conviction "void."

Instead, Randall is simply attempting to evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void. Other courts have considered and rejected similar arguments. *See, e.g.*, Nortonsen v. Reid, 133 Fed. Appx. 509, 510-11 (10th Cir. May 27, 2005) (unpublished) (holding that the district court was correct in rejecting the petitioner's effort to avoid 28 U.S.C. § 2244(d) on grounds that his "state sentence was void"); see also Lomazoff v. Walters, 63 F.Supp.2d 663, 666 (E.D.Penn.1999) (law mandating that an illegal sentence "can never be waived" does not override the time limitations contained in 28 U.S.C. § 2244(d); Madina v. Cain, slip op. no. CIV. A-05-2126 (E.D.La. Sept. 20, 2006) (unpublished) (available on WESTLAW at 2006 WL 2726506) (adopting the magistrate judge's rejection of the petitioner's "novel proposition that the § 2244(d) limitation period does not run on illegal sentences but only on those which were validly imposed"). The intent of Congress in enacting the limitations period cannot be so easily evaded.

As detailed by the Magistrate Judge, Randall waited 16 years after the time his conviction became final in which to mount his *first* collateral challenge to his conviction through the state habeas corpus process. Randall has offered no explanation for this extraordinary delay, nor has he shown that the limitations period should be equitably tolled. The Magistrate Judge correctly determined that Randall's claims are barred by the statute of limitations, and Randall's objections to the Magistrate Judge's Report are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition and memorandum in support, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Winfred Ray Randall is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 16th day of May, 2008.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE